# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0580, <u>In the Matter of Mary Schwarzer-Hampton and R. Scott Hampton</u>, the court on September 16, 2019, issued the following order:**

The petitioner's motion for reconsideration of our July 9, 2019 order to proceed on the respondent's brief alone and for enlargement of time in which to file a brief is denied. Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, R. Scott Hampton (father), appeals a post-final-decision order by the Circuit Court (<u>Hall</u>, J.) on pending motions in his divorce from the petitioner, Mary Schwarzer-Hampton (mother). He contends that the trial court erred by: (1) considering the mother's August 2017 motion for contempt; (2) not addressing his May 18, 2018 motion; (3) finding that he intentionally disregarded the trial court's May 2017 order; (4) disregarding findings that the trial court had made in previous orders; (5) finding that his motion for reconsideration failed to state points of law or fact that the trial court had overlooked or misapprehended; (6) awarding the mother attorney's fees based upon the "erroneous conclusions" that he had disregarded the trial court's orders; and (7) not clarifying its decision regarding his May 2018 motion or the trial court's "inequitable enforcement of other Court's [sic] rulings." He further identifies "16 erroneous or misleading statements in the current Order and how each influenced a conclusion inconsistent with both actual events and previous findings."

When reviewing a trial court's decision rendered after a hearing on the merits, we uphold the trial court's factual findings and rulings unless they lack evidentiary support or are legally erroneous. <u>O'Malley v. Little</u>, 170 N.H. 272, 275 (2017). We do not decide whether we would have ruled differently than the trial court, but rather, whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. <u>Id</u>. Thus, we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. <u>Id</u>. We review the trial court's application of the law to the facts <u>de novo</u>. <u>Id</u>.

To the extent that the father argues that the trial court did not rule on his May 18, 2018 motion, we note that the court granted the mother's motion to strike the father's motion because the father had failed to comply with previous orders requiring the parties to first seek the assistance of a parenting coordinator

and then to participate in good faith mediation to resolve any "parenting issues" prior to filing a motion with the court. The trial court correctly determined that the father's motion involved "parenting issues" because it addressed the times at which the parents exchanged custody of their child and sought to add language to the parenting plan.

To the extent that the father argues that the trial court should not have ruled upon the mother's August 2017 motion for contempt because the mother did not first seek mediation, the trial court correctly determined that it did not involve any "parenting issues" that triggered the mediation requirement. Upon review of the record, we conclude that the evidence supports the trial court's findings that: (1) the father's assertion that he had a "conflict" with the parent coordinator with whom the parties had been ordered to engage was "self-created, self-serving, and a further attempt to avoid compliance with the Court's order"; and (2) the father "willfully, intentionally and blatantly disregarded the directives contained in the May 17, 2017 Order." See O'Malley, 170 N.H. at 275.

As the appealing party, the father has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the father's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the father has not demonstrated reversible error. See id.

To the extent that the father raises any other issues in his brief, they either are not sufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**